■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GLORIA SHAPIRO, Respondent, v. DANIEL SHAPIRO, Appellant.— Order, entered October 17, 1963, unanimously modified, on the law and the facts, and in the exercise of discretion, to provide that the respondent-appellant shall have visitation with his children two days each week, one day to be at a reasonable hour at the home of the children and another day each week to take out and keep the children for a reasonable period, the times and period of the visitation to be fixed in the order to be entered hereon; and further modified to direct that the counsel fee fixed by said order to be paid to the petitioner instead of to her attorneys; and otherwise affirmed, without costs. The award of custody of the children to the petitioner mother is fully supported by the record but the visitation rights therein accorded to the respondent-appellant are unrealistic and indefinite. In the circumstances of the case here and for the welfare and best interests of the children, the father should be afforded liberal visitation privileges as herein directed. The parties and counsel should, if possible, agree on the precise terms of the order

in this connection and the same should be settled on the signing of the order. Under subdivision (b) of section 237 of the Domestic Relations Law the court was empowered to direct the respondent-appellant " to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the wife or mother as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties ", the direction to " be made in the order or judgment by which the particular application or proceeding is finally determined." The award here of $250 does not appear to be unreasonable but there is no showing by the attorneys for the petitioner that they have not been paid by her for their services in this proceeding. Certainly, they should not be paid twice. Settle order on notice. Concur — Botein, P. J., McNally, Stevens, Eager and Bastow, JJ.